NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DELUXE BUILDING SYSTEMS, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>CONSTRUCTAMAX, INC., et al., :<br>:<br>Defendants. :<br>: | Civ. No. 06-2996 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of Constructamax, Inc. (hereinafter "CMAX") to enforce a purported ADR settlement agreement against Whitlock Mills LP (hereinafter "Whitlock"). [Docket # 136]  Arch Insurance Company and Arch Reinsurance Company (hereinafter "Arch") join CMAX's motion. [# 142]  Whitlock opposes CMAX's motion. [# 144]  The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, CMAX's motion will be denied.

**I.     BACKGROUND**

The parties are familiar with the complex factual background and procedural history of this case, and as such, the Court will only summarize the information relevant to the resolution of the present motion.  On October 2, 2008, this Court granted CMAX's motion to compel Whitlock to resolve certain "change order and owner credit claims" through an Alternative Dispute Resolution ("ADR") proceeding pursuant to the express terms of an ADR agreement

between the parties. (GEB Order 10/2/08) [# 93] Subsequently, the parties selected the Honorable Anthony Gibson as umpire for the ADR proceeding, which was scheduled to commence on March 10, 2009. (CMAX Mot. Br. at 13.) [# 139] Prior to the commencement of the ADR proceeding, counsel for the parties engaged in settlement discussions regarding the ADR claims, and CMAX asserts that a binding settlement agreement was reached on March 8, 2009. (CMAX Mot. Br.) [# 139] Whitlock acknowledges that the parties engaged in settlement discussions, but denies that any enforceable settlement agreement was ever reached by the parties. (Whitlock Opp'n Br.) [# 144]

On April 20, 2009, CMAX filed the present motion in which it asks the Court to declare that the parties entered into a binding settlement agreement on March 8, 2009. (CMAX Mot. Br.) [# 139] Arch joins CMAX's present motion. [# 142] Whitlock opposes CMAX's motion, and argues that under controlling New Jersey law, the ADR umpire has jurisdiction to decide whether the purported settlement agreement between CMAX and Whitlock is enforceable. The Court agrees with Whitlock's foregoing argument, and will deny CMAX's present motion on that basis.

**II.      DISCUSSION**

On October 2, 2008, this Court compelled CMAX and Whitlock to resolve certain "change order and owner credit claims" in an ADR proceeding pursuant to the terms of Article 9 of the Takeover Agreement between the parties. (GEB Order 10/2/08) [# 93] It is undisputed that, "the parties agreed to conduct the alternative dispute resolution proceeding in accordance with The New Jersey Alternative Procedure for Dispute Resolution Act, N.J.S.A. § 2A:23 A-1, et seq. (The "APDRA" or the "Act.")." (CMAX Mot. Br. at 12.; *accord* Whitlock Opp'n Br. at 8.)

[# 139, 144]  In pertinent part, the Act states:

> Whenever an alternative resolution is properly demanded, the umpire designated therein shall have full jurisdiction to provide all relief and to determine all claims and disputes arising thereunder, including whether the particular issue or dispute is covered by the agreement for alternative resolution . . . ."

N.J.S.A. § 2A:23A-5(a).  Application of the plain language of § 2A:23A-5(a) to the facts of this case militates the conclusion that ADR Umpire Gibson has "full jurisdiction" to decide "whether [this] issue or dispute is covered by the agreement for alternative resolution," and if so, "to provide all relief and to determine all claims and disputes."  As such, the issue presented by CMAX's present motion should be resolved by ADR Umpire Gibson in the first instance.  The Court will deny CMAX's present motion to enforce ADR settlement on that basis.  In light of the foregoing analysis and decision, the Court will not address the alternate arguments presented by the parties.

### III.   CONCLUSION

For the foregoing reasons, CMAX's present motion to enforce ADR settlement will be DENIED.  An appropriate form of order accompanies this memorandum opinion.

Dated: June 2, 2009

                                                /s/ Garrett E. Brown, Jr.
                                           GARRETT E. BROWN, JR., U.S.D.J.