<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| DELUXE BUILDING SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 06-2996 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| CONSTRUCTAMAX, INC. et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion for partial summary judgment filed by DeLuxe Building Systems, Inc. ("DeLuxe").[1]  (Doc. No. 173.)  Constructamax, Inc. ("Cmax") opposes DeLuxe's motion.  (Doc. No. 178.)  The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.  Having done so, the Court will grant DeLuxe's motion for the reasons that follow.

**I.      BACKGROUND**

DeLuxe's present motion for partial summary judgment involves relatively straightforward cross-claims for breach of a construction contract.  (Doc. No. 173.)  Having considered the parties' submissions, the Court concludes that the parties address factual and legal issues not relevant to the resolution of the present motion.  The Court will discuss only those matters that are relevant in this memorandum opinion.

---

[1]  The Court will not label any party "plaintiff" or "defendant" because virtually all parties to this complex case have filed cross and/or counterclaims, and therefore the application of those labels creates confusion.

DeLuxe is a Pennsylvania corporation with its principal place of business located in Berwick, Pa.  (DeLuxe 56.1 at ¶ 1: Cmax 56.1 Reply at ¶ 1; Doc. Nos. 173, 179.)  Cmax is a New York corporation with its principal place of business located in Port Washington, NY.  (*Id.* at ¶ 2.)  Cmax was the general contractor at a construction project (the "Project") in Jersey City, New Jersey.  (*Id.* at ¶ 5.)   The Project is owned by Whitlock Mills, LP ("Whitlock").[2]  Within the scope of the Project was the erection of twenty-nine new construction "I Buildings".  (*Id.* at ¶ 7.)  Cmax would perform all the site work related to the I Buildings, including construction of the concrete foundations called for in the building plans.  (*Id.*)

On or about November 3, 2004, DeLuxe and Cmax entered into an agreement (the "Agreement") which was later amended by the parties on January 6, 2006 (the "Amendment") (collectively, the amended Agreement is the "Contract").  (*Id.* at ¶¶ 3, 4.)  Under the Contract, DeLuxe would manufacture modular units at its manufacturing facility in Berwick, Pa., place these unites on a truck transporter, and deliver them to the Project site.  (*Id.* at ¶ 7.)  A crane would remove the unit from the transporter and either place it on the foundation constructed by Cmax, or place it on the preceding unit.  (*Id.*)  Following this procedure would result in the placement of the twenty-nine, three-story I Buildings.  (*Id.*)  The Contract set forth the responsibilities of DeLuxe and Cmax for the on-site work to complete the I Buildings.  (*Id.*)

Pursuant to § 4.2(B) of the DeLuxe Contract, on March 13, 2006, DeLuxe invoiced Cmax $1,617,231 for the period ending March 15, 2006 ("Requisition No. 8").  (*Id.* at ¶ 8.)  Requisition

---

[2]  The Court simply notes that Whitlock is also a party to this case.  Given that the Court writes only for the parties, who are fully familiar with the facts and procedural posture of this complex case, the Court shall refrain from discussing issues that are collateral to the adjudication of the present motion.

No. 8 was sent to Cmax.  (*Id.*)  Pursuant to § 4.2(C) of the DeLuxe Contract, payment of Requisition No. 8 was due to DeLuxe by Cmax on or before April 5, 2006.  (*Id.*)  Of the $1,617,231 requested in Requisition No. 8, $1,356,447.34 was paid to DeLuxe on April 17, 2006.  (*Id.* at ¶ 9.)  Therefore, $260,783.66 was unpaid by Cmax.  (*Id.*)  By letter dated April 24, 2006, DeLuxe notified Cmax of its failure to pay all sums requested in Requisition No. 8, and stated DeLuxe's position that the remaining $260,783.66 balance was due and owing to DeLuxe. (*Id.* at ¶ 10.)  To date, Cmax has not paid the balance of Requisition No. 8.  (*Id.* at ¶ 11.)

Pursuant to § 4.2(B) of the DeLuxe Contract, on April 11, 2006, DeLuxe invoiced Cmax $598,210 for the period ending April 15, 2006 ("Requisition No. 9").  (*Id.* at ¶ 12.)  Pursuant to § 4.2(C) of the DeLuxe Contract, payment of Requisition No. 9 was due to DeLuxe by Cmax on or before May 5, 2006.  (*Id.* at ¶ 13.)  Cmax did not pay Requisition No. 9.  (*Id.*)  By letter dated April 24, 2006, DeLuxe notified Cmax of its failure to pay any amount invoiced under Requisition No. 9, and stated DeLuxe's position that the $598,210 requested in Requisition No. 9 was due and owing to DeLuxe.  (*Id.* at ¶ 14.)  Further, by letter dated May 12, 2006, Deluxe again notified Cmax of its position that the $260,783.66 balance requested in Requisition No. 8, and the $598,210 requested in Requisition No. 9, were due and owing to DeLuxe.  (*Id.* at ¶ 15.)

Pursuant to § 4.2(B) of the DeLuxe Contract, on May 12, 2006, DeLuxe invoiced Cmax $69,727 for the period ending May 15, 2006 ("Requisition No. 10").  (*Id.* at ¶ 16.)  Pursuant to § 4.2(C) of the DeLuxe Contract, payment of Requisition No. 10 was due to DeLuxe by Cmax on or before June 5, 2006.  (*Id.*)  Cmax did not pay Requisition No. 10.  (*Id.*)

Therefore, in sum, DeLuxe asserts that Cmax has failed to pay a total of $928,720.66: the sum of the amounts invoiced to Cmax by DeLuxe on Requisitions 8, 9, and 10.  (*Id.* at ¶ 17.)  On

3

or about June, 2006, DeLuxe ceased performance of the Contract.  (*Id.* at ¶ 18.)

On May 17, 2006, DeLuxe filed a complaint against Cmax in New Jersey Superior Court, Hudson County, that alleged Cmax's failure to pay in-full Requisitions No. 8, 9, and 10 is a breach of the Contract.  (Doc. No. 1.)  On June 30, 2006, Cmax removed the case, which was then assigned to the late Honorable Harold Ackerman, U.S.D.J.  (*Id.*)  Thereafter, on November 11, 2006, Cmax filed an answer to DeLuxe's complaint, and therein lodged counterclaims against DeLuxe for breach of contract and damages.  (Doc. No. 12.)  On September 12, 2008, this case was reassigned to the undersigned.  (Doc. No. 92.)  Thereafter, on January 13, 2009, the Court bifurcated this case, and ordered that the liability issue on both DeLuxe and Cmax's breach of contract claims shall be decided in the initial phase.  (Doc. No. 126.)  Accordingly, on February 19, 2010, DeLuxe filed its present motion for partial summary judgment, in which it seeks summary judgment on the liability portion of both its own and Cmax's breach of contract claims.  (Doc. No. 173.)  Additionally, DeLuxe also seeks summary judgment on Cmax's claim for "consequential damages" against DeLuxe.  (*Id.*)  Cmax filed opposition to DeLuxe's present motion on March 15, 2010.  (Doc. No. 178.)

## I.    DISCUSSION

### A.    Legal Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

### B.    Application

Applying the foregoing legal standard to the facts of this case with all reasonable inferences drawn in favor of Cmax, the Court concludes that no reasonable finder of fact could fail to decide that Cmax breached the Contract and is liable to DeLuxe for damages. The Contract contains the following relevant terms stated in pertinent part:

> § 4.1
>
> Notwithstanding any other provision in this Agreement, payment shall be made to the Manufacturer [DeLuxe] in full, for all invoiced billings on the Units including approved change orders, together with delivery and installation charges as incurred, and requisitioned to the Purchaser [Cmax], without delay of any portion of the amount so invoiced and billed.
>
> § 4.2
>
> Payment shall be made to the Manufacturer by the Purchaser in the following manner:
> . . .
>
> B) Monthly progress payments: On the 15th of each month, the Manufacturer [DeLuxe] shall submit a payment requisition to the Purchaser (a "Progress Payment") subject to verification by Purchaser, for the 30 day period for the percentage of completion .

. . In the event that the Manufacturer's payment requisition is not acceptable, the Purchaser shall notify the Manufacturer within three (3) business days, and the Manufacturer shall have the right to cure any defects.  In the event the Purchaser does not notify the Manufacturer within three days, the payment requisition shall be deemed acceptable.

C) The Purchaser shall remit all Progress Payments to the Manufacturer within twenty (20) calendar days of receipt of the payment requisition.  In the event a Progress Payment becomes delinquent, the Manufacturer, upon written notice to the Purchaser and after Purchaser fails to cure said delinquent payment within three (3) business days after receipt of said notice from Manufacturer, reserves the right to cease any or all activity relating to the Work, until such time as the Progress Payment is received.

§ 6.2

If the Purchaser breaches any of the material terms and conditions of this Agreement the Manufacturer shall have the right to terminate its performance under this Agreement; provided that, except with respect to the Purchaser's obligation to make payment, Manufacturer shall give the Purchaser written notice of such breach and the Purchaser shall have ten (1) working days in which to cure such breach. . . . Manufacturer shall have the right to terminate its performance under this Agreement . . . (b) in the event the Purchaser fails to make any payment timely when due under the terms of the Agreement or to perform any other obligation of Purchaser under this Agreement, including, without limitation, a failure by Purchaser to take delivery of the Unites as specified herein . . .

(DeLuxe Mot., Meske Aff., Exh. A; Doc. No. 173.)

In this case, it is undisputed that DeLuxe sent three Requisitions to Cmax for payment pursuant to § 4.2(B).  It is also undisputed that Cmax omitted $260,783.66 from its payment of Requisition No. 8, and paid no amount requested by DeLuxe in Requisitions No. 9 or 10. Pursuant to the plain language of the Contract, Cmax was required to notify DeLuxe within three business days if DeLuxe's payment requisition was not acceptable.  It is undisputed that Cmax

6

did not so notify DeLuxe.  Instead, as DeLuxe points out in its Reply Brief, Cmax actually

incorporated Requisitions No. 8 and 9 into its own requisition for payment from Whitlock, and in

doing so, certified that DeLuxe's work was "completed in accordance with the Contract

Documents."  (Seaman Aff., Ex. A., Doc. 192.)  As a result, pursuant to the plain language of the

Contract, DeLuxe's Requisitions No. 8, 9, and 10 are deemed acceptable.  As such, pursuant to

the Contract, Cmax was responsible for remitting payment to DeLuxe within twenty business

days.  It is undisputed that Cmax has not paid the balance of Requisition No. 8, or any amount of

Requisitions No. 9 and 10.  Therefore, based upon the plain language of § 4.2(C), Cmax has

materially breached the Contract, and DeLuxe was within its rights to cease all work on the

Project.  Cmax's arguments in opposition are simply unavailing and cannot overcome a basic

application of the facts of this case to the plain language of the Contract. Thus, the Court will

grant DeLuxe's partial motion for summary judgment on the liability portion of its claim for

breach of contract against Cmax, and on Cmax's breach of contract claim against DeLuxe.  (Doc.

No. 173.)

        In light of this decision, the Court will also grant DeLuxe's motion for partial summary

judgment on Cmax's claim that it is entitled to "consequential" damages for DeLuxe's breach of

the Contract.

## III.    CONCLUSION

        For the foregoing reasons, the Court will GRANT DeLuxe's motion for partial summary

judgment.  (Doc. No. 173.)  An appropriate form of order accompanies this memorandum

opinion.

Dated: May 5, 2010

_____/s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.