<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DELUXE BUILDING SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| | : | Civ. No. 06-2996 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| CONSTRUCTAMAX, INC. et al., | : | |
| Defendants. | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of Whitlock Mills ("Whitlock") to amend its operative pleading. (Doc. No. 101.) Whitlock's adversary in interest, Arch Reinsurance Company ("Arch"), partially opposes the present motion. (Doc. No. 109.) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, Whitlock's present motion will be granted in part and denied in part.

**I.   BACKGROUND**

Because the Court writes only for the parties, this memorandum opinion is limited to those matters that are essential to the resolution of the present motion. Whitlock filed its motion to amend on October 28, 2008. (Doc. No. 101.) Before the motion was decided, the Court bifurcated this case and ruled that the various parties' breach of contract claims should be decided before all other matters. Subsequently, on May 5, 2005, the Court decided that Cmax is liable to Whitlock for breach of contract. (Doc. Nos. 205, 206.) With that decision, the first

phase of this bifurcated case concluded.  The Court now revisits Whitlock's motion to amend.

Since the present motion was originally filed, Whitlock has materially altered the claims it seeks to assert against Arch.  Whitlock's following four proposed claims remain at issue: (1) breach of the Takeover Agreement (Count VII); (2) declaratory judgment (Takeover Agreement) (Count VIII); (3) fraud (Count X); and (4) negligent misrepresentation (Count XI).  Arch does not oppose the addition of Whitlock's proposed Counts VII and VIII for breach and declaratory judgment, but Arch does oppose Whitlock's proposed Counts X and XI for fraud and negligent misrepresentation.

**II.     DISCUSSION**

    **A.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that, under the present circumstances, "a party may amend [its] pleading only with the opposing party's written consent or the Court's leave.  The Court should freely give leave when justice so requires."  The Supreme Court has identified several factors to be considered when applying Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); *Newlin v. Invensys Climate Controls*, Civ. No. 05-5746 (RBK), 2006 U.S. Dist.

LEXIS 61133, (D.N.J. August 16, 2006); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust.")

Thus, while "Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed," CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1486 (2d ed. 1990), Rule 15(a)'s "generous standard is tempered by the necessary power of a district court to manage a case" in light of the factors listed in *Foman*. *See Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987).

With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990), reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," (citations and quotations omitted).) As such, "[i]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman*, 90 F.3d at 623) (further citation omitted)).

B.   **Application**

Whitlock seeks to amend its operative pleading and add the following four proposed claims against Arch: (1) breach of the Takeover Agreement (Count VII); (2) declaratory

judgment (Takeover Agreement) (Count VIII); (3) fraud (Count X); and (4) negligent misrepresentation (Count XI).  At the outset, the Court again notes that Arch has not opposed Whitlock's proposed Counts VII and VIII for breach of the Takeover Agreement and for a declaratory judgment.  As such, the Court will grant Whitlock's motion to amend its operative pleading to include those two causes of action.

Whitlock's proposed Counts X and XI for fraud and negligent misrepresentation, however, fail as a matter of law.  The parties apparently agree that there is a common predicate to the viability of both claims; Arch's duty under New Jersey law to disclose the information at issue to Whitlock under the circumstances presented.  In sum, Whitlock (the obligee) argues that Arch (the surety) had a duty to disclose two alleged facts: (1) that Cmax (the principal) did not meet Arch's general underwriting guidelines; and (2) that certain personnel at Cmax and Arch are related.  (Whitlock Am. Compl. Counts X and XI; Doc. No. 119-4.)  Having reviewed the parties' ample briefing on this issue, the Court concludes that New Jersey law imposes no duty on Arch to disclose these alleged facts to Whitlock under the circumstances presented.  Whitlock has cited no case that establishes such a duty, and the Court's own research as found none.  Instead, Whitlock cites to several cases that discuss collateral aspects of the surety/principal/obligee relationship under factual circumstances that are dissimilar to the present case.  Therefore, because under New Jersey law Arch had no duty to disclose the information at issue under the circumstances presented, both Whitlock's proposed Counts X and XI for fraud and negligent misrepresentation fail.  As such, Whitlock's motion to amend its operative pleading to include those two claims will be denied.

### III.     CONCLUSION

For the reasons noted above, Whitlock's present motion to amend its operative pleading will be GRANTED as to proposed Counts VII and VIII for breach of the Takeover Agreement and for a declaratory judgment, but will be DENIED as to proposed Counts X and XI for fraud and negligent misrepresentation.  (Doc. No. 101.)  An appropriate form of order accompanies this memorandum opinion.

Dated: May 19, 2010

        /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.