<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DELUXE BUILDING SYSTEMS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CONSTRUCTAMAX, INC. ET AL., : <br> : <br> Defendants. : | Civ. No. 06-2996 (GEB) <br><br> **MEMORANDUM OPINION** |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of Photios Cougentakis ("Cougentakis") for judgment on the pleadings.[1] (Doc. No. 239) Whitlock Mills ("Whitlock"), the appropriate party in interest, opposes Cougentakis' motion. (Doc. No. 247) The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will grant Cougentakis' motion for the reasons that follow.

**I.     BACKGROUND**

The Court has issued numerous memorandum opinions in this nearly five-year-old case since it was reassigned to the undersigned on September 15, 2008. In light of that, and as the parties are fully familiar with the facts and procedural history of the case, the Court will discuss only the information that is strictly necessary to decide the legal issues presented by Cougentakis'

---

[1] The Court will not label any party "plaintiff" or "defendant" because virtually all parties to this complex case have filed cross and/or counterclaims, and therefore the application of those labels creates confusion.

motion.

On November 5, 2010, Cougentakis, the principal of Constructamax, Inc. ("Cmax"), filed his present motion for judgment on the pleadings regarding two causes of action lodged against him in his individual capacity by Whitlock, the owner of a real estate development project for which Cmax was retained as general contractor. (Doc. No. 239) In support of his present motion, Cougentakis argues, among other things, that Whitlock has failed to establish that Cougentakis can be held personally liable under the New Jersey common law "participation theory" of officer liability for: (1) common law tortious interference with prospective economic advantage; and (2) willful overstatement of construction lien pursuant to N.J.S.A. § 2A:44A-15(a). As noted, Whitlock opposes Cougentakis' present motion.

## II. DISCUSSION

### A. Legal Standard

It is well established that, "[a] Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Borough of Sayreville v. Union Carbide Corp.*, 923 F. Supp. 671, 676 (D.N.J. 1996) (citing *Turbe v. Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991)). Therefore, in considering the present motion, the Court must utilize the standard applicable to motions filed pursuant to Rule 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**B. Application**

After applying the foregoing standard here, the Court concludes that Cougentakis' motion for judgment on the pleadings must be granted because Whitlock has not, and cannot, state a claim against Cougentakis in his individual capacity, as asserted, under New Jersey law. The Court will discuss each cause of action at issue in turn.

First, Cougentakis argues that Whitlock cannot maintain a cause of action for tortious interference with prospective economic advantage against him under the "participation theory" of personal liability. Under New Jersey law:

> the essence of the participation theory is that a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort. A predicate to liability is a finding that the corporation owed a duty of care to the victim, the duty was

> delegated to the officer and the officer breaded the duty of care by his own conduct.

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 303 (2002).  The *Saltiel* court later reinforced that, "[u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Id.* at 316.  Indeed, applying these principles, the *Saltiel* court disapprovingly noted that case was, "essentially a basic breach of contract case, and that plaintiff, through her tort allegations, simply is seeking to enhance the benefit of the bargain she contracted for with defendant . . ." (*Id.*)

Applied here, Whitlock's attempt to hold Cougentakis personally liable for tortious interference with prospective economic advantage via New Jersey's "participation theory" is fatally flawed for several reasons.  First and most critically, Whitlock has utterly failed, both in its operative pleading and in its opposition brief, to specifically allege the existence of an independent duty of care Cmax owed to Whitlock that could establish Cougentakis' personal liability under the "participation theory" pursuant to *Saltiel*.  It is indisputable that this complex case is, at its core, a breach of contract case.  Fundamentally then, the duties owed by the parties are defined by the various contracts to which they each agreed.  Here, however, Whitlock seeks to hold Cougentakis liable for tortious interference with prospective economic advantage that Whitlock would have allegedly derived; but crucially, not from any contract between Whitlock and Cmax.  Rather, Whitlock at most alleges that Cmax somehow interfered with the performance of Whitlock's contract with Arch, the surety.  In short, therefore, Whitlock has failed to establish the independent legal duty owed by Cmax that is necessary to hold Cougentakis' personal liable under the "participation theory".  Moreover, echoing *Saltiel*, this Court also concludes that Whitlock's attempt to hold Cougentakis personally liable for tortious

interference with prospective economic advantage in this quintessentially breach of contract action is merely an attempt to "enhance the benefit of the bargain" for which Whitlock has contracted with various parties.  As such, Whitlock's claim against Cougentakis for tortious interference with prospective economic advantage will be dismissed.

Second, and finally, Whitlock's attempt to hold Cougentakis personally liable for an alleged willful overstatement of construction lien pursuant N.J.S.A. § 2A:44A-15(a) must fail for the very basic reason that Whitlock has failed to cite a single state or federal case in which a court held a party personally liable for a violation of this statute pursuant to the "participation theory".  Absent such precedent, this Court will not essentially create a new cause of action under New Jersey law.  As such, Whitlock's claim against Cougentakis for willful overstatement of construction lien pursuant N.J.S.A. § 2A:44A-15(a) will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Cougentakis' motion for judgment on the pleadings with regard to Whitlock's claims for tortious interference with prospective economic advantage, and willful overstatement of construction lien.  (Doc. No. 239)  Further, for the reasons noted above, the Court concludes that any amendment of those claims by Whitlock would be futile, and as a result, those claims will be dismissed with prejudice.  An appropriate form of order accompanies this memorandum opinion.

Dated: January 31, 2011

                                                         /s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.