<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| DELUXE BUILDING SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 06-2996 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| CONSTRUCTAMAX, INC. ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon: (1) the motion to amend its operative pleading filed by Deluxe Building Systems, Inc. ("Deluxe"); and (2) the motion for judgment on the pleadings filed by Arch Insurance Company and Arch Reinsurance Company (collectively, "Arch").[1]  (Doc. Nos. 238, 240)  Each motion is opposed by the respective party in interest.  The Court has considered these motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  Having done so, the Court will deny Deluxe's motion and grant Arch's motion for the reasons that follow.

**I.      BACKGROUND**

The Court has issued numerous memorandum opinions in this nearly five-year-old case since it was reassigned to the undersigned on September 15, 2008.  In light of that, and as the parties are fully familiar with the facts and procedural history of the case, the Court will discuss

---

[1]   The Court will not label any party "plaintiff" or "defendant" because virtually all parties to this complex case have filed cross and/or counterclaims, and therefore the application of those labels creates confusion.

only the information that is strictly necessary to decide the legal issue presented by the parties' motions.

On November 5, 2010, Deluxe, a sub-contractor, filed its present motion to amend its operative pleading and add a cause of action for "bad faith" breach of a surety bond against Arch, the surety that issued the bond for the construction project in question.  (Doc. No. 238)  On the same day, Arch filed its present motion for judgment on the pleadings regarding the cause of action for "bad faith" breach of a surety bond asserted against Arch in the operative complaint of Whitlock Mills ("Whitlock"), the owner of the construction project in question.  (Doc. No. 240) In support of its motion, Arch argues that New Jersey law does not currently recognize a cause of action for "bad faith" breach of a surety bond, and further, that the New Jersey Supreme Court is unlikely to recognize such a cause of action in the future.  Whitlock Mills opposes Arch's motion for judgment on the pleadings, and essentially argues the converse of Arch's position.  (Doc. No. 248)  Similarly, Deluxe's motion to amend involves the assertion of identical legal positions by the adverse parties; Deluxe argues for the existence/likely creation of a cause of action for "bad faith" breach of a surety bond against the bond issuer under New Jersey law, and Arch argues the opposite.  (Doc. No. 243)

## II.    DISCUSSION

### A.  Legal Standard

#### 1.  Motions to Amend and for Judgment on the Pleadings

Federal Rule of Civil Procedure 15(a)(2) provides that, under the present circumstances, "a party may amend [its] pleading only with the opposing party's written consent or the Court's leave.  The Court should freely give leave when justice so requires."  The Supreme Court has

identified several factors to be considered when applying Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc*., 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); *Newlin v. Invensys Climate Controls*, Civ. No. 05-5746 (RBK), 2006 U.S. Dist. LEXIS 61133, (D.N.J. August 16, 2006); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Arthur v. Maersk, Inc*., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust.")

Thus, while "Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed," CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1486 (2d ed. 1990), Rule 15(a)'s "generous standard is tempered by the necessary power of a district court to manage a case" in light of the factors listed in *Foman*. *See Shivangi v. Dean Witter Reynolds, Inc*., 825 F.2d 885, 891 (5th Cir. 1987).

With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig*., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat*

3

*Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also  Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990), reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," (citations and quotations omitted).)  As such, "[i]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman*, 90 F.3d at 623) (further citation omitted)).

Similarly, "[a] Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Borough of Sayreville v. Union Carbide Corp.,* 923 F. Supp. 671, 676 (D.N.J. 1996) (citing *Turbe v. Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991)).

Therefore, in considering both of the parties' present motions, the Court must utilize the standard applicable to motions filed pursuant to Rule 12(b)(6).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).  The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is

4

"inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).   In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### 2.  Application

After applying the foregoing standard here, the Court concludes that Deluxe's motion to amend must be denied, and Arch's motion for judgment on the pleadings must be granted, because New Jersey law does not currently recognize a cause of action for "bad faith" breach of a surety bond, and further, that the New Jersey Supreme Court is unlikely to recognize such a cause of action in the future.

Both Deluxe and Whitlock ask this Court to recognize a cause of action for "bad faith" breach of a surety bond under New Jersey law.  In support of that position, both Deluxe and Whitlock primarily rely upon a more than ten-year-old decision in this district, *United States ex rel. Don Siegel Constr. Co. v. Atul Constr. Co.*, 85 F.Supp. 2d 414, 416 (D.N.J. 2000).  In that decision, the court discussed the New Jersey Supreme Court's then roughly seven-year-old opinion in *Pickett v. Lloyd*, 131 N.J. 457, 621 A.2d 445 (1993), that recognized a cause of action for bad faith breach of an insurance policy by a first party insured against the insurance company that issued the policy.  Based upon *Pickett*, the court in *Atul* predicted that the New Jersey Supreme Court would recognize a cause of action for bad faith breach of a surety bond by a bond

obligee against the bond issuer.  *Atul*, 85 F.Supp. 2d 416.  Nearly eleven years after *Atul* was

decided, however, this Court must agree with Judge Cooper's recent conclusion on the record

that New Jersey law has not evolved in accord with *Atul* because a cause of action for bad faith

breach of a surety bond has not been recognized.  *SBW, Inc. v. Ernest Bock & Sons, Inc.* (Civ.

No. 07-4199 (MLC)) (D.N.J. March 17, 2009).  Indeed, the Court notes that nearly eighteen years

after *Pickett* was decided, and with New Jersey law applied with frequency in complex

construction litigation, neither Deluxe, nor Whitlock, nor the Court's own research has been able

to identify a precedential post-*Pickett* case that suggests, let alone establishes, that the *Atul*

court's prediction has materialized or is likely to in the future.

        As such, this Court concludes that, at this time, New Jersey law does not currently

recognize a cause of action for "bad faith" breach of a surety bond, and further, that the New

Jersey Supreme Court is unlikely to recognize such a cause of action in the future.

**III.     CONCLUSION**

        For the foregoing reasons, Deluxe's motion to amend will be denied, and Arch's motion

for judgment on the pleadings regarding Whitlock's "bad faith" breach of surety bond claim will

be granted.  (Doc. Nos. 238, 240)  An appropriate form of order accompanies this memorandum

opinion.

Dated: January 31, 2011

                                            _____/s/ Garrett E. Brown, Jr._____
                                            GARRETT E. BROWN, JR., U.S.D.J.

6