<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELUXE BUILDING SYSTEMS, INC., | |
| Plaintiff, | |
| v. | Civ. No. 06-2996 (GEB) |
| CONSTRUCTAMAX, INC., ET AL., | **MEMORANDUM OPINION** |
| Defendants. | |

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon the motion of non-party the New Jersey Housing and Mortgage Finance Agency (hereinafter the "Agency") to intervene in this case pursuant to Federal Rule of Civil Procedure 24. (Doc. No. 265) That motion is opposed by all current parties in this case. In addition to its opposition to the Agency's proposed intervention, party Arch Insurance Company and Arch Reinsurance Company (hereinafter, collectively "Arch"), has filed a motion to dismiss this case pursuant to Rule 12(b)(1). (Doc. No. 274) The Court has considered the parties' written submissions and their oral arguments presented to the Court on May 16, 2011. Having done so, the Court will grant the Agency's motion and, in the Court's discretion, allow the Agency to join this case as a defendant. As a result of that decision, Arch's motion is moot and will be denied. The reasons for the Court's decisions follow.

**II.  BACKGROUND**

      On March 25, 2011, the Agency filed a motion to intervene in this case pursuant to Rule 24. In support of that motion, the Agency argues that it should be allowed to intervene either as

of right, or in the Court's discretion, because the Agency has a direct interest in this case. All parties have opposed the Agency's proposed intervention for various reasons. Most notably, on April 18, 2011, Arch filed its opposition to the Agency's motion to intervene, and concurrently, cross-moved to dismiss this case pursuant to Rule 12(b)(1). In support of its cross-motion, Arch argues that the Agency must be joined pursuant to Rule 19, an action that Arch asserts would destroy the parties' diversity, and therefore require dismissal of this case for lack of subject-matter jurisdiction.

After considering the parties' written submissions, the Court ordered oral argument on May 16, 2011. During oral argument, the Agency appeared to stipulate that, if it intervenes, the claims the Agency will assert against Arch are identical to the corresponding counterclaims Whitlock has asserted againt Arch, and upon which the Court has granted summary judgment to Whitlock as to Arch's liability. Further, at oral argument, it became apparent that Arch and CMAX, who seek dismissal for lack of subject-matter jurisdiction, and the Agency and Whitlock, who oppose that action, rely upon the same Third Circuit precedent for their entirely contrary positions.

Having considered the parties' written and oral arguments, the Court concludes that the Agency can intervene in this action without destroying diversity jurisdiction, and in the Court's discretion, that the Agency's intervention is appropriate. As such, the Court will allow the Agency to intervene pursuant to Rule 24 for the following reasons.

## II. DISCUSSION

### A. The Agency May Intervene

The Agency asserts that the Court should exercise discretion and allow the Agency to

intervene in this case pursuant to Rule 24(b). That portion of Rule 24, which governs permissive intervention, states that, "on timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Here, therefore, the Court may permit the Agency to intervene in this case pursuant to the plain language of this statute because, as the Agency, Whitlock, and apparently all parties acknowledge, the Agency's proposed claims against Arch are identical to those already lodged against Arch by Whitlock. Indeed, as noted, Whitlock has been granted summary judgment on these same claims as to Arch's liability, with only the issue of damages outstanding. Thus, pursuant to Rule 24(b)(1)(B), the Court will permit the Agency to intervene.

In doing so, the Court notes that the Agency's intervention will not deprive the Court of subject-matter jurisdiction in this case, which has at all times been based upon the parties' diversity of citizenship pursuant to 28 U.S.C. Section 1332. In opposition to the Agency's proposed intervention, Arch asserts that, because Arch's principal place of business is New Jersey, the Court cannot exercise supplemental jurisdiction over the Agency's proposed common law claims against Arch pursuant to the terms of 28 U.S.C. Section 1367. That statute states as follows in pertinent part:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> **(b)** In any civil action of which the district courts have original

>jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. Section 1367. The foregoing statutory language, while potentially preclusive of claims by intervening plaintiffs, plainly does not by its terms preclude the intervention of non-diverse defendants where original federal subject-matter jurisdiction is based upon Section 1332. Indeed, the statute does not even contain the word "defendant". The Third Circuit has noted that fact, and further, has established that when considering whether or not supplemental jurisdiction is appropriate over the claims of intervening parties pursuant to 1367(b) in diversity cases, the Court must align the parties appropriately pursuant to their relative interests, regardless of their proposed status as "plaintiff" or "defendant". *Dev. Fin. Corp.; The Nat'l Housing and Health Care Trust, Inc., v. Alpha Housing & Health Care, Inc.*, 54 F. 3d 156 (3d. Cir. 1995). The Court concludes that *Alpha* clearly establishes the proposition that, where the Court has long-established subject-matter jurisdiction pursuant to Section 1332, the Court may exercise supplemental jurisdiction over the claims of otherwise non-diverse intervening defendants.

Applying *Alpha* here, the Court concludes that the Agency is properly classified as a defendant in this case, and that the Court can exercise supplemental jurisdiction over the Agency's claims without impacting the Court's long-established subject-matter jurisdiction. Since this case's inception, Whitlock has been a defendant. As was acknowledged repeatedly at oral argument, the Agency's interests are identical to those of Whitlock. Indeed, the Agency's

proposed claims against Arch are identical to Whitlock's counterclaims against Arch. Therefore, despite the fact that Agency labels its proposed intervention as that of a "plaintiff", the Court concludes that the Agency is properly aligned as a defendant, beside its co-defendant Whitlock, and adverse to both Arch and Cmax. As the Third Circuit's decision in *Alpha* makes clear, the fact that the Agency intervenes with affirmative claims does not militate its classification as a plaintiff. Here, given the Agency's position in this litigation is identical to a defendant, Whitlock, the Court must align the Agency with Whitlock as a defendant. As a result, despite the Agency's status as a New Jersey defendant adverse to Arch, the Court can exercise supplemental jurisdiction over the Agency's claims pursuant to Section 1367(b) and the Third Circuit's decision in *Alpha*. Further, as the Third Circuit also noted in *Alpha*, the Court concludes that the always-critical consideration of judicial economy demands that the Court exercise supplemental jurisdiction over the Agency's claims in this more than five-year-old case that is set for trial.

Therefore, for the foregoing reasons, the Court will allow the Agency to intervene as a defendant in this case and assert the claims against Arch that the Agency has proposed. In light of this decision, the Court concludes that Arch's motion to dismiss is moot and shall be denied as such.

### B. Order to Show Cause

The Agency asserts the following three claims against Arch: (1) Breach of the Takeover Agreement; (2) Breach of the Bond; and (3) Declaratory Judgment regarding both the Takeover Agreement and the Bond.[1] (Doc. No. 264-4) As established at oral argument, these claims are

---

[1] The Court notes that the Agency appropriately withdrew its proposed bad faith claim against Arch in light of this Court's prior dismissal with prejudice of Whitlock's identical claim against Arch. (Doc. No. 279)

identical to the corresponding claims lodged by Whitlock against Arch.  As the parties are aware, the Court previously granted Whitlock summary judgment as to Arch's liability to Whitlock for each of these claims.  In light of that, pursuant to the terms of Rule 56(f), the Court will order Arch to show cause why the Court should not grant the Agency summary judgment as to Arch's liability for the Agency's claims.

In doing so, the Court inquires whether Arch can promptly stipulate to the entrance of summary judgment as to Arch's liability on these claims in an effort to move this aged litigation forward with all deliberate speed, especially with a firm trial date approaching.  To that end, the Court notes that the parties may attempt to craft any such stipulation in a way that does not foreclose Arch's ability to appeal the Court's entry of summary judgment as to Arch liability regarding Whitlock and the Agency's claims at the appropriate time in the future, if any.

### III.  CONCLUSION

For the foregoing reasons, the Agency's motion to intervene will be GRANTED, and Arch's motion to dismiss will be DENIED.  Further, the Court will order Arch to SHOW CAUSE why the Court should not grant the Agency summary judgment as to Arch's liability for the Agency's claims.  An appropriate form of order accompanies this memorandum opinion.

Dated: June 6, 2011

    /s/ Garrett E. Brown, Jr.    
GARRETT E. BROWN, JR., U.S.D.J.
