NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DELUXE BUILDING SYSTEMS, INC., | : |
| Plaintiff, | : Civil Action No.: 06-2996 (ES) |
| v. | : OPINION |
| CONSTRUCTAMAX, INC., et al., | : |
| Defendants. | : |

**SALAS, District Judge**

**I.   Introduction**

Before the Court is a motion for summary judgment filed by Constructmax, Inc. ("Cmax") pursuant to Federal Rule of Civil Procedure 56(c). (*See* Docket Entry No. 292). Cmax seeks an order awarding it a $ 250,000.00 credit against Deluxe Building Systems, Inc. ("Deluxe") in connection with Requisitions 8, 9, and 10. The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Cmax's motion is denied.

**II.   Background**

Deluxe and Cmax are not strangers to this litigation. To that end, the Court only sets forth the essential facts necessary to determine the legal issues presented by Cmax's motion.

On November 3, 2004, Deluxe—a modular home builder—entered into an Agreement with Cmax—the general contractor on a construction project located in Jersey City, New Jersey. (Deluxe Amen. Compl. at ¶¶ 1, 11). Under the terms of the Agreement, Deluxe was to

manufacture and install modular units in twenty-nine buildings located at the Jersey City construction site. (Kokkosis Cert. ¶ 1). At some point during the course of construction, disputes between Deluxe and Cmax arose, "which resulted in [the] withholding of payments and threats from both parties of declarations of default." (*Id.* ¶ 4). In an effort to resolve the disputes, Deluxe and Cmax entered into an Amended Agreement on January 6, 2006. (*See* Docket Entry No. 311-2, Amendment to Agreement Between Purchaser and Manufacturer (herein "Amended Agreement")).

Notwithstanding the Amended Agreement, and the parties' apparent willingness to reconcile, disputes between Deluxe and Cmax continued. As a result, Deluxe filed a lawsuit against Cmax on June 29, 2006. (*See* Docket Entry No. 1). On October 13, 2006, Deluxe filed an Amended Complaint for "breach of contract." (Deluxe Amen. Compl. ¶ 1). Deluxe alleged, *inter alia*, that Cmax breached the Agreement by "failing to pay for goods and services manufactured and delivered to the project site." (*Id.* ¶ 15). According to Deluxe, Cmax allegedly failed to pay "[s]ums due Deluxe under Requisition No. 8, Requisition No. 9 and Requisition No. 10." (*Id.* ¶ 16c).

On November 16, 2006, Cmax answered Deluxe's Amended Complaint and filed Counterclaims. (*See* Docket Entry No. 12). As part of its Third Affirmative Defense and Third Counterclaim, Cmax avers that it is entitled to a credit "of a sum equal to $ 250,000.00" for having timely "exercised its option pursuant to the terms and conditions of the [Amended Agreement]." (Cmax Answer to Amended Complaint and Counterclaims ¶¶ 26-28). It is this Affirmative Defense and Counterclaim that is the subject of Cmax's motion for summary judgment. (*See* Cmax Moving Br. at 1) (Cmax argues that it is entitled to a $ 250,000.00 credit, which "stems from an option [it] exercised . . . under paragraph 7B of the amendment to the

Deluxe Subcontract."). Deluxe has opposed this motion. As such, the dispute is now ripe for this Court's adjudication.

### III.   Legal Standard

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010) (quoting *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (*en banc*) (citing Fed. R. Civ. P. 56(c)). "To be material, a fact must have the potential to alter the outcome of the case." *DeShields v. Int'l Resort Props.*, No. 11-2672, 2012 U.S. App. LEXIS 3580, at *5 (3d Cir. Feb. 23, 2012) (internal citation omitted). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine of material fact exists and that a reasonable factfinder could rule in its favor." *Azur*, 601 F.3d at 216. "In determining whether summary judgment is warranted '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *DeShields*, 2012 U.S. App. LEXIS 3580, at *5 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### IV.   Analysis[1]

The Court must determine whether Cmax is entitled to a $ 250,000.00 credit based upon the language of the Amended Agreement.

In making this determination, the Court is guided by the following principles. "The interpretation of a contract is ordinarily a legal question for the court and may be decided on summary judgment unless there is uncertainty, ambiguity or the need for parol evidence in aid of

---

[1] Pursuant to the *Erie* doctrine, this Court applies New Jersey substantive law to the underlying dispute. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

interpretation . . . ." *Celanese Ltd. v. Essex Cnty. Imp. Auth.*, 404 N.J. Super. 514, 528 (App. Div. 2009) (internal citation omitted). Furthermore, "'[t]he interpretation of the terms of a contract are decided by the court as a matter of law unless the meaning is both unclear or the meaning is dependent on conflicting testimony.'" *Ibid.* (quoting *Bosshard v. Hackensack Univ. Med. Ctr.*, 345 N.J. Super. 78, 92 (App. Div. 2001)). However, "'when the terms of [a] . . . contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties.'" *Mylan Inc. v. Smithkline Beecham Corp.*, No. 10-4809, 2010 U.S. Dist. LEXIS 112035, at *6 (D.N.J. Oct. 20, 2010) (quoting *Kampf v. Franklin Ins. Co.*, 33 N.J. 36, 43 (1960)). "In determining whether contractual language is ambiguous, [the court] consider[s] 'the contractual language, the proffer of the parties, and the extrinsic evidence offered in support of each interpretation.'" *Local 827 Int'l Bhd. of Elec. Workers v. Verizon N.J., Inc.*, 192 F. App'x 132, 135 (3d Cir. 2006) (quoting *Local Union No. 1992, Int'l Bhd. of Elec. Workers v. Okonite Co.*, 189 F.3d 339, 341 (3d Cir. 1999)).

With these principles in mind, the Court examines paragraph 7B, which provides, in relevant part:

> [Cmax] may elect, on or before June 15, 2006, to accept a credit of Two Hundred and Fifty Thousand Dollars ($250,000) against the Contract Sum, to be credited pro rata over remaining billings under the Agreement . . . .

(Docket Entry No. 292-9, Amended Agreement ¶ 7B).

Based upon this language, Cmax argues that summary judgment should be entered because "there is nothing in the Amendment which precludes Cmax from electing to take the credit . . . and reducing its liability on . . . Requisitions [8, 9, and 10]," which were submitted in February, March, April, and May. (Cmax Reply Br. at 3). Thus, because the "credit was timely

exercised by Cmax, . . . the credit should be applied against the balance claimed due on Deluxe's Requisitions 8, 9, and 10 as a matter of law." (Cmax Moving Br. at 7).

Conversely, Deluxe argues that Cmax "mis-read[s] the plain language of the Amendment, and the Court should deny . . . Cmax judgment . . . as to this issue." (Deluxe Opp. Br. at 24). Deluxe claims that "[u]nder the plain language of the Amendment, any credit to be elected by Cmax would not be effective until Cmax made such an election and any such credit would then be pro-rated over remaining billings on the Project." (*Id.* at 25). In other words, "[t]he $ 250,000.00 [c]redit was not to be applied against the outstanding Requisitions, but only requisitions that had yet to be billed." (*Ibid.*). To that end, Deluxe argues that at the time Cmax elected to take the $ 250,000.00 credit "[a]lthough there was still approximately $ 1,000,000 of future work to be billed . . . , there were no more "remaining billings" submitted by Deluxe . . . [because] Cmax had already breached the Agreement and Deluxe had terminated performance." (*Ibid.*).

Based upon the foregoing, the Court declines to grant summary judgment for the following two reasons. First, having considered the contractual language, in conjunction with the parties' proffers, the Court finds ambiguity in the language of paragraph 7B. Specifically, the Court questions whether the term "remaining billings" refers to either *outstanding Requisitions* between the date the parties entered into the Amended Agreement—January 6, 2006—and the date Cmax elected to accept the credit, *i.e.*, June 15, 2006, or *future Requisitions*, that is Requisitions that would have been submitted after Cmax elected to receive the credit. For that reason, the Court is uncertain whether Cmax is entitled to have the $ 250,000.00 credit apply to Requisitions 8, 9, and 10, which predate June 15, 2006. Second, the evidence offered by Cmax—the deposition transcript of Dan S. Meske—does not support Cmax's contention that the

- 5 -

credit can be applied to Requisitions 8, 9, and 10. In fact, Mr. Meske's testimony further muddies this issue. For example, Mr. Meske testified that he did not know whether it was proper for Cmax to apply the $ 250,000.00 credit to the remaining balance due. (*See* Meske Dep. 72:19-25; *see also* Meske Aff. ¶¶ 5, 6) ("Under the plain language of the Amendment, any $ 250,000 credit to be elected by Cmax would not be effective <u>until</u> Cmax made such an election, and any such credit would then be prorated over <u>remaining</u> billings on the Project. . . . Deluxe negotiated for 'remaining billings' [] because application of the credit in this fashion would mean that Deluxe would have received the total contract sum less the credit.") (emphasis in original). For these reasons, the Court concludes that uncertainty and ambiguity persists. Consequently, the Court declines to grant Cmax's motion for summary judgment. *See Celanese Ltd.*, 404 N.J. Super. at 528 ("The interpretation of a contract is ordinarily a legal question for the court and may be decided on summary judgment *unless there is uncertainty [or] ambiguity*.") (emphasis added).

**V.     Conclusion**

For the foregoing reasons, Cmax's motion for summary judgment is denied.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**