UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELUXE BUILDING SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CONSTRUCTAMAX, INC., et al.,**<br><br>Defendants. | Civ. No. 2:06-cv-02996<br>(KM)(MAH)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

     This motion comes before the Court upon the motion of Whitlock Mills, LP ("Whitlock") for an order clarifying the March 30, 2012 oral opinion (the "Salas Opinion") denying Whitlock's Motion for Partial Summary Judgment. For the reasons that follow, I clarify that Judge Brown's February 8, 2011 decision (the "Brown Opinion") precludes Arch Insurance Company and Arch Reinsurance Company (collectively "Arch") and Constructamax ("Cmax") from arguing that Whitlock overpaid Cmax and/or failed to adequately supervise Cmax's construction activity.

**I.   BACKGROUND**

     A.  <u>Judge Brown's Opinion</u>

     On February 8, 2011, Chief Judge Brown (now retired) addressed dueling claims by Whitlock and Arch under the Arch Bond and the Arch/Whitlock Takeover Agreement. (Docket No. 259.) He granted summary judgment in Whitlock's favor, finding that Arch was liable on the Arch Bond and had breached the Takeover Agreement. (*Id.* at 7-8.) Judge Brown rejected as a matter of law Arch's defense that Whitlock was not entitled to reimbursement on certain items for which it allegedly should not have paid. (*Id.* at 8-9.) In so doing, Judge Brown found as a matter of law that "no reasonable trier of fact could decide that Whitlock's payments to Cmax [for work that was ultimately discovered to be defective] were negligent." (*Id.* at 8.) Judge Brown ruled that Whitlock was entitled to rely on the certifications by Cmax and the architect

that the work was performed properly and that Whitlock had no independent duty to evaluate the quality of the work. (*Id.* at 8-9.)

Thus, it is clear from the Brown Opinion that Arch and Cmax cannot avoid liability based on Whitlock's alleged failure to oversee the construction project and/or Whitlock's failure to prevent payment for improper or insufficient work.

### B. Judge Salas's Oral Opinion

Subsequently, Whitlock moved for partial summary judgment on damages seeking, among other relief, a ruling that 1) Arch and Cmax are responsible for completion costs; 2) Arch and Cmax are liable to Whitlock for liquidated damages; and 3) Arch is liable beyond the penal sum of its bond for all damages flowing from its own material breaches of contract. (Docket No. 294.) Judge Salas (to whom the case had then been reassigned upon Judge Brown's retirement) denied the motion without a written opinion, opting instead to set forth her reasoning in an oral opinion. (Docket No. 380.) Judge Salas's oral opinion refers to "Whitlock and its Architect" without distinguishing between the entities and could be interpreted to combine the distinct concepts of oversight and design. (Docket No. 384-2, Salsbury Cert., Ex. A., Salas Opinion, at p. 5.) ("Arch . . . proffered evidence suggesting that *Whitlock and its Architect collectively* failed to properly *oversee and design* the project . . . had *Whitlock and its Architect* properly *overseen and designed* the Project, the correction and completion costs, as well as delays associated thereto, could have been mitigated.") (emphasis added). I do not believe that Judge Salas intended to backtrack from Judge Brown's ruling, and I am confident that she would not have done so silently, without addressing the law of the case.

## II. DISCUSSION

Judge Brown has already decided the issues relating to Whitlock's alleged payment for defective work, or Whitlock's alleged failure to properly supervise or oversee the work by Cmax. Any and all references in Judge Salas's March 30, 2012 Oral Opinion, referred to in Docket No. 383, that might be deemed to state or imply that Whitlock was liable for such wrongful payment, or for its alleged failure to properly supervise or oversee the work by Cmax are deemed to be stricken. Judge Brown's Order forecloses any issue that Whitlock was not entitled to reimbursement for items for which it allegedly should not have paid Cmax, or that Whitlock failed to properly supervise the project.

**THEREFORE**, for the reasons expressed above,

**IT IS** this 2nd day of May, 2013

**ORDERED** that the motion of Whitlock Mills, LP to clarify Judge Salas's March 30, 2012 Oral Opinion is GRANTED.

                                                 _/s/ Kevin McNulty_
                                                 KEVIN MCNULTY, U.S.D.J.