UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELUXE BUILDING SYSTEMS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CONSTRUCTAMAX, INC., et al.,**<br><br>Defendants. | Civ. No. 2:06-cv-02996<br>(KM)(MAH) |
| **WHITLOCK MILLS, LP**<br><br>Plaintiff,<br><br>v.<br><br>**ARCH INSURANCE COMPANY, et al.,**<br><br>Defendants. | Civ. No. 2:06-cv-6288<br><br>(Consolidated cases)<br><br>**MEMORANDUM OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

    Arch Insurance Company and Arch Reinsurance Company (collectively "Arch") seek reconsideration, pursuant to Local Rule 7.1(i), of my Opinion (the "Opinion" [ECF no. 474]) and Order (the "Order" [ECF no. 475]), filed April 19, 2013, to the extent that they denied Arch's motion to dismiss the Deluxe Action, Civ. no. 2:06-cv-02996, for lack of subject matter jurisdiction. In the alternative, Arch requests certification of the Order for interlocutory appeal, *see* 28 U.S.C. § 1292(b).[1] Both components of the motion are denied.

---

[1]     A few procedural clarifications are in order. In response to proliferating motion practice in this case, which was originally filed in 2006, the Magistrate Judge imposed the requirement of a pre-motion statement. Before the court is a letter requesting leave to file a motion for reconsideration. [ECF no. 476] The letter summarizes all parties' positions on the proposed motion, states the grounds therefor and cites supporting

Arch made a similar motion to dismiss before Chief Judge Brown (now retired), to whom the case was then assigned. Judge Brown denied it. [ECF no. 284] Arch, as it does here, moved for reconsideration of Judge Brown's order and also to certify it for interlocutory appeal. That motion, too, was denied. [ECF no. 309]

Arch revived its motion to dismiss, on identical grounds, after the case was reassigned to me. The ostensible basis for refiling the motion was that the New Jersey Housing and Mortgage Finance Agency (the "Agency") and Arch, both New Jersey citizens, had become "directly and unavoidably adverse," destroying diversity. As I noted in my opinion, the two had been adverse at the time Judge Brown wrote his opinion; Judge Brown had explicitly recognized this; and it had been incorporated as part of the basis of his opinion. I nevertheless entertained Arch's new motion. I granted that motion in part, dismissing the Whitlock Action, No. 06 cv 6288, in accordance with 28 U.S.C. § 1332 and §1367(b). I declined, however, to dismiss the Deluxe Action, No. 06 cv 02996, and it is that part of my Order that Arch wishes to reopen.

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson,* 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). Arch's motion for reconsideration falls far short of the applicable standard under Local Rule 7.1(i).

Arch claims that, in the Opinion, I "overlooked the fact (and Arch's argument based thereon), which was set out in Arch's motion papers, that no claims have been asserted—or could have been asserted—against the Agency

---

case law. Because these matters have been repeatedly and exhaustively briefed, I have opted to treat the application as a substantive motion, and to deny it.

The order that is the subject of this motion for reconsideration dismissed one of the two consolidated actions, Civ. No. 2:06-cv-6288. For consistency, however, I have kept the consolidated caption for purposes of this opinion and order.

by any party in the Deluxe Action and that therefore the Agency can be properly aligned only as a plaintiff in the Deluxe Action." The Opinion did not misapprehend or misstate the status of, or parties to, the claims in this case. For the reasons stated in that opinion, I simply disagreed with and rejected Arch's argument. I held, for example, that the "plaintiff exclusion" in the supplemental jurisdiction statute, 28 U.S.C. § 1367(b), is confined to actual plaintiffs and does not encompass counter-plaintiffs, cross-claimants, third-party plaintiffs, and the like. *See* Opinion of April 19, 2013, pp. 11-12 (discussing the issue); *id.* n.5 (citing case law and noting that this is not a simple "plaintiff v. defendant" scenario). I rejected Arch's argument that, because there are no claims asserted specifically against the Agency, it therefore is not the "defendant," and it therefore must be the "plaintiff" for purposes of the exclusion in the supplemental jurisdiction statute. (This shorthand description of my holding is just that; the full rationale for my decision is stated in the April 19, 2013 Opinion, and this discussion is not meant to alter, abridge or supplement the earlier opinion.)

The other matters that Arch claims the Court overlooked are an unreported case from the Southern District of Ohio and two reported cases cited therein: *Patel Family Trust v. AMCO Ins. Co.*, 2012 WL 1340371, at *4 (S.D. Ohio Apr. 17, 2012) (citing *Siteworks Contracting Corp. v. Western Surety Co.*, 461 F. Supp. 2d 205, 209-210 (S.D.N.Y. 2006); *MCI Telecomms Corp. v. Logan Grp. Inc.*, 848 F. Supp. 86, 88-89 (N.D. Tex. 1994)). I set aside for the moment the that none of these authorities would constitute recent or intervening changes to the law. Nor does Arch proffer a sufficient reason, or any reason, for having failed to cite them in its papers on the motion. These considerations alone would permit, if not require, the court to deny a motion for reconsideration.

More broadly speaking, however, I did not "overlook" the concerns raised in these opinions; they do not raise issues that were absent from the discussion on the motion; and they would not in any event change my mind. Arch's primary citation, *Patel*, did not involve a supplemental jurisdiction issue at all; it simply discussed whether it would be proper to characterize an intervenor as a defendant or as a plaintiff under the particular circumstances of that case, and considered whether the intervenor's claims were properly styled in its pleading. *Siteworks* and *MCI*, on the other hand, did involve supplemental jurisdiction, and they did arguably interpret the § 1367(b) plaintiff exclusion more broadly than Judge Brown and I have done. But assuming *arguendo* that these decisions, or some of them, are relevant to the

issue at hand, they are at best stray district court cases from other Circuits, and they do not detract significantly from the weight of authority.[2]

Here, the Agency did not intervene in alignment with Deluxe Building Systems, the plaintiff in the Deluxe Action, Civ. no. 06-02996. It intervened in alignment with Whitlock, which (in the Deluxe Action) was a third-party defendant and fourth-party plaintiff. Under those circumstances, I found the "plaintiff exclusion" of 28 U.S.C. § 1367(b) to be inapplicable. Chief Judge Brown had so held, and I saw no sufficient basis to disturb that holding. That reasoning was, in my estimation, the sounder application of the rationale of *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 161 (3d Cir. 1995), and the other authorities cited, for the reasons discussed at greater length in the April 19, 2013 Opinion.

Arch's motion for reconsideration is therefore denied.

Arch also moves under 28 U.S.C. § 1292(b) to certify this issue for interlocutory appeal.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Section 1292(b) thus permits a district court to certify an issue for interlocutory appeal where (a) it involves a "controlling question of law"; (b) there is "substantial ground for difference of opinion"; and (c) its

---

[2] The Agency and Whitlock point out in addition that *Siteworks* and *MCI* have been criticized by name and not followed in other district court decisions. *See Conseco v. Wells Fargo Fin. Leasing, Inc.*, 204 F. Supp. 2d 1186, 111-94 & n.3 (S.D. Iowa 2002); *Underpinning & Foundation Skanska, Inc. v. Berkley Regional Ins. Co.*, 262 F.R.D. 196, 200 (E.D.N.Y. 2009).

resolution on appeal "may materially advance the ultimate termination of the litigation." *Id.*; *see also Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974). The grant or denial of certification of an order for interlocutory appeal lies, in the first instance, in the discretion of the district judge. *Electric Mobility Corp. v. Borns Sensors/Controls, Inc.,* 87 F. Supp. 2d 394, 398 (D.N.J. 2000).

I am not persuaded that, in this Circuit at least, there are substantial grounds for difference of opinion as to the issue decided by Judge Brown, and then by me, with respect to supplemental jurisdiction. Further, I am not convinced that the Court of Appeals' resolution of this issue now, as opposed to on appeal from a final judgment, would necessarily advance the ultimate termination of this litigation, given that it is already far along and that an interlocutory appeal would build in at least a diversion of effort, and potentially a very significant additional delay.

I will therefore decline to certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**THEREFORE**, for the reasons expressed above,

**IT IS** this 2nd day of May, 2013

**ORDERED** that the motion of Arch Insurance Company and Arch Reinsurance Company, pursuant to Local Rule 7.1(i), for reconsideration of the Opinion and Order [ECF nos. 474 and 475]), filed April 19, 2013, to the extent that they denied Arch's motion to dismiss Case no. 2:06-cv-02996 for lack of subject matter jurisdiction, and, in the alternative, for certification of that Order for interlocutory appeal under 28 U.S.C. § 1292(b), is **DENIED**.

_____
KEVIN MCNULTY
United States District Judge