UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELUXE BUILDING SYSTEMS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **CONSTRUCTAMAX, INC.**, et al., <br><br> Defendants. | Civ. No. 2:06-cv-02996 (KM)(MAH) <br><br> **MEMORANDUM OPINION AND ORDER** |

**MCNULTY**, District Judge.

On review of the file, it has come to the Court's attention that a decision remains pending on former Chief Judge Garrett Brown's Order to Show Cause why the Court should not grant the New Jersey Housing and Mortgage Finance Agency (the "Agency") summary judgment as to Arch's liability (Docket No. 285). I hereby grant that relief.

As summarized in my opinion of April 19, 2013 (Docket No. 474), in 2009 Chief Judge Brown bifurcated liability and damages issues. As of early 2011, on summary judgment, he had (1) found Cmax liable to Deluxe for breach of the Subcontract (Docket No. 203); (2) found Cmax liable to Whitlock for breach of the Construction Contract (Docket No. 205); and (3) found Arch liable to Whitlock on the Arch Bond and for breach of the Takeover Agreement (Docket No. 259).

1

The Agency then moved to intervene. Judge Brown granted intervention and found that the Agency was "properly aligned as a defendant, beside its co-defendant Whitlock." (Docket No. 284, at 4-5). That order included a direction that Arch show cause why the previous grant of summary judgment to Whitlock should not also be entered in favor of the Agency.

On June 8, 2011, two days after Judge Brown approved the Agency's intervention, the Agency filed a Fifth-Party Complaint against Arch asserting breach of the Arch Bond and Takeover Agreement. (Docket No. 287.) This Fifth-Party Complaint substantially duplicated Whitlock's claims against Arch, as to which Judge Brown had already awarded summary judgment on liability.

Arch filed two oppositions to the relief proposed in the order to show cause. (Docket Nos. 297, 365). The Agency filed one submission in support. (Docket No. 316).

Even at the time of intervention, the Agency essentially shared the position of Whitlock. Summary judgment had been awarded to Whitlock based on Arch's obligation on the Bond and breach of the Takeover Agreement. The Agency sued as Whitlock's co-obligee on the Arch Bond, and as a third-party beneficiary of the Takeover Agreement. As to the Bond, the Agency was simply Whitlock's co-obligee, so its issues were no different. *See* Docket No. 284, at 4-5 (Judge Brown noting that, "[a]s was acknowledged repeatedly at oral argument, the Agency's interests are identical to those of Whitlock"); *Cont'l Bank & Trust Co. v. Am. Bonding Co.*, 605 F.2d 1049, 1056 (8th Cir. 1979)

2

("Where two or more obliges are named in the bond, each has a separate right to recover thereon in the event of a breach."). As to the Takeover Agreement, the Agency was simply (as financier) a third-party beneficiary; if Arch was liable to the Agency, it was by virtue of Arch's breach of its Takeover Agreement with Whitlock, already found by Judge Brown. *Broadway Maint. Corp. v. Rutgers State Univ.*, 90 N.J. 253, 272 (1982) (third party beneficiary may sue on contract when it is an intended beneficiary); *Drewen v. Bank of Manhattan Co. of City of New York*, 31 N.J. 110, 116 (1959). Indeed, in a separate action the Agency might have prevailed on grounds of collateral estoppel. *Perez v. Rent-a-center, Inc.*, 186 N.J. 188, 199 (2006); *United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co.*, 74 N.J. 92, 101 (1977).

That identity of interests between Whitlock and the Agency has, if anything, intensified since Judge Brown filed the order to show cause. Whitlock and the Agency have agreed that (1) Whitlock would deed the Whitlock Mills Project to the Agency, and (2) Whitlock and the Agency would continue to prosecute their pending claims jointly, with the proceeds being shared pursuant to an agreed-upon plan. *See* Docket Nos. 386-3 (Deed between Whitlock and the Agency, attached as Exhibit A to Arch's Motion to Dismiss) and 397-3 (Project Operations Agreement between Whitlock and the Agency, attached as Exhibit 1B to Whitlock's Opposition to Arch's Motion to Dismiss). In short, the Agency now stands in the shoes of Whitlock as owner.

Arch's oppositions to the order to show cause essentially argued that summary judgment would not be appropriate as to the Agency because it was not appropriate as to Whitlock in the first place, or because Judge Brown's ruling should be reconsidered. Summary judgment has been entered and I will not reconsider it. Arch also argued that the prerequisites and procedures for a summary judgment motion had not been met. The Court, however, is not considering summary judgment as an original matter; rather, pursuant to Judge Brown's order to show cause, it is considering whether to extend the effect of a preexisting summary judgment ruling to a party so closely related as to resemble a successor in interest. Arch did not offer any convincing rationale under which this Court could find summary judgment appropriate as to Whitlock, but not appropriate as to the Agency. Accordingly,

**IT IS** this 26th day of September 2013,

**ORDERED** that Judge Brown's grant of summary judgment to Whitlock as against Arch (Docket No. 259) is extended to the identical claims of the Agency against Arch, and the relief specified in the order to show cause (Docket No. 284, at 4-5) is therefore **GRANTED**.

_____
**KEVIN MCNULTY**
**United States District Judge**